Thomas v. Contoocook Valley Sch. D.   CV-96-414-SD 11/05/97   P

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Johanna Thomas

    v.                                    Civil No. 96-414-SD

Contoocook Valley School District;
School Administrative Unit No. 1


O R D E R


This claim brought under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. (ADA), arises from plaintiff Johanna Thomas's termination from her position as an elementary school teacher.  Before the court is defendant's motion for summary judgment, to which plaintiff objects.


Background

In 1983 plaintiff Thomas began teaching in the Contoocook Valley School District in New Hampshire.  From the time she began until approximately 1990, she received good to excellent performance evaluations of her teaching.  In 1990 she had polyps removed from her voice box, which created significant voice problems for plaintiff.

Shortly thereafter, plaintiff received reprimands from her principal concerning her tardiness to work.  In addition, her evaluations began to mention problems with classroom control and other "non-instructional" issues.  In 1993 plaintiff was

terminated from her teaching position by Superintendent Larry Bramblett.

In accordance with state law, New Hampshire Revised Statutes Annotated (RSA) 189:14-a, which permits a tenured teacher to request a hearing concerning his or her termination, plaintiff requested and was granted a hearing before the Contoocook Valley School Board, which upheld her termination. She then appealed to the New Hampshire State Board of Education, which affirmed. Plaintiff once more appealed, this time to the New Hampshire Supreme Court, which affirmed without opinion.

Plaintiff then filed this action under the ADA claiming that she was wrongfully terminated by reason of her disability suffered as a result of her voice box surgery.


## Discussion

Defendants seek summary judgment on the ground of collateral estoppel, a doctrine that prevents relitigation of issues already resolved in a prior action. During the administrative review of her termination, the Board found that Superintendent Bramblett had sufficient reasons of poor performance to terminate Thomas as a teacher. The Board's finding, if taken to be conclusively established, undermines her allegation that she was terminated on account of her voice disability.

The findings of administrative agencies may be accorded preclusive effect under the doctrine of collateral estoppel.

<u>United States v. Utah Constr. and Mining Co.</u>, 384 U.S. 394, 421–22 (1966) ("When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply *res judicata* to enforce repose."). Thus courts have extended collateral estoppel to resolutions by school boards of the reasons a tenured teacher was terminated. <u>See</u> <u>Graham v. Special School Dist. No. 1</u>, 472 N.W.2d 114, 119 (Minn. 1991); <u>see also</u> <u>Umberfield v. School Dist. No. 11</u>, 185 Colo. 165, 522 P.2d 730 (1974).

Accordingly, this court accords collateral estoppel effect to the School Board's findings of the reasons for Thomas's termination. Plaintiff argues that the Board's finding that Superintendent Bramblett had sufficient reasons of poor performance to terminate Thomas as a school teacher does not preclude her ADA claim because it is not inconsistent with a finding that the superintendent was also motivated by the impermissible reason of her disability. The First Circuit has left open the question whether unlawful discrimination may be established under the ADA based on conduct that was motivated by a mixture of discriminatory and nondiscriminatory reasons, commonly referred to as "mixed motive" cases. <u>Leary v. Dalton</u>, 58 F.3d 748, 752 (1st. Cir. 1995) ("The precise relationship between the ADA's liability standards and the sole causation test

3

is not well settled."). However, upon extensive and persuasive analysis on the issue, the Eleventh Circuit held that the ADA does not require disability discrimination to be the "sole" reason for the adverse action. McNely v. Ocala Star-Banner Corp., 99 F.3d 1068, 1073-1077 (11th Cir. 1996) (applying a plain meaning rule of statutory construction to conclude that the ADA's prohibition against discrimination "because of the disability of such individual" does not mean *solely* because of such disability). This court concurs with the conclusion reached by the Eleventh Circuit.

Even though discrimination does not have to be the sole reason for the challenged conduct, in Price Waterhouse v. Hopkins, 490 U.S. 228, 242 (1989), the Court said that "an employer shall not be liable if it can prove that, even if it had not taken gender into account, it would have come to the same decision regarding a particular person." In other words, the unlawful discriminatory animus must be the "but for" causative factor of the challenged conduct. The Court reasoned that Title VII was intended to respect a balance between protecting employees from discrimination and preserving employers' freedom of choice over who to enlist as their agents. Even though the Court was considering Title VII, there is no indication that the ADA was intended to be more protective of employee rights and less so of employer prerogative. To preserve employer freedom of

4

choice, this court holds that the <u>Price Waterhouse</u> "but for" causation test is applicable to the ADA, so that an employer may escape liability by proving that it would have engaged in the challenged conduct even if it had not taken disability into account.

The School Board's findings, which plaintiff is estopped from denying, establish that the superintendent would have fired Thomas regardless of whether or not he took her disability into account. The Board reportedly found "that Mrs. Thomas' classroom performance suffered from significant problems, including in the areas of lack of discipline, poor use of time and poor development of lessons, which issues the board finds to be inextricably interrelated." Defendant's Motion for Summary Judgment, Exhibit 5 ("Addendum to Decision of the Contoocook Valley School Board," at "Conclusion" [no page numbers on exhibits]). The Board of Education pointed out that "the local board did have evidence that Mrs. Thomas's teaching performance in the three areas of classroom control, lesson planning and use of time was considered deficient by her teaching principal." Plaintiff's Objection to Motion for Summary Judgment, Appendix, Vol. 1, unnumbered Exhibit (Letter to Chairman of State Board of Education), at 5). Based on these findings, it is clear that Thomas's poor performance provided sufficient grounds to terminate her, regardless of her disability.

5

Since plaintiff is estopped from denying these findings, this court takes it as established that any unlawful discriminatory animus toward plaintiff's voice disability was not the "but for" cause of her termination. Accordingly, defendants are entitled to summary judgment.

## Conclusion

For the forgoing reasons, the defendant's motion for summary judgment must be and herewith is granted.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

November 5, 1997

cc:     James F. Allmendinger, Esq.
        John H. Vetne, Esq.